RHEA GERTKEN, ESQ.
Nevada Bar No. 9946
JENNIFER JEANS, ESQ.
Nevada Bar No. 10481
NEVADA LEGAL SERVICES, INC.
530 South Sixth Street
Las Vegas, Nevada 89101
(702) 386-0404/fax (702) 388-1641
Email rgertken@nlslaw.net
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CHARLOTTE PORTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE HOUSING AUTHORITY )<br>OF THE CITY OF LAS VEGAS, and )<br>CARL ROWE, individually and in his )<br>official capacity as Executive Director, )<br>)<br>Defendants. )<br>_____) | Case 2:08-cv-01649 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER**

Plaintiff, CHARLOTTE PORTER, by and through her attorney of record, hereby files her Response to Defendants' Motion for Reconsideration. Plaintiff asks that the Court dismiss Defendants' Motion for Reconsideration as it is made without legal basis and raises issues exhaustively addressed at the hearing.

///

///

///

1

1  This Response is made and based upon the attached points and authorities, all papers and
2  pleadings on file herein, and any argument at any hearing that may be had on this matter.
3  DATED this 17th day of July, 2009.

Respectfully submitted:
NEVADA LEGAL SERVICES, INC.

/s/ Rhea Gertken
RHEA GERTKEN, ESQ.
Nevada Bar No. 9946
530 South Sixth Street
Las Vegas, Nevada 89101
(702) 386-0404/fax (702) 388-1641
email rgertken@nlslaw.net
Attorney for Plaintiff

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL ARGUMENT

*A. Defendants' Motion for Reconsideration is without basis.*

Defendants cite to no legal basis for the court to reconsider its decision of June 17, 2009. As the Motion for Reconsideration is without legal basis, Plaintiff asks the court dismiss the instant motion and uphold the decision denying Defendants' previously filed Motion to Dismiss.

Defendants' cite the Ninth Circuit decision in *Jenkins v. County of Riverside* for the proposition a court may reconsider decisions where legal authority has changed, new evidence arose, or the decision would work a manifest injustice. *Jenkins v. County of Riverside*, 398 F.3d 1093 (9th Cir. 2005). Since Defendants have not alleged the law or evidence has changed, Defendants are attempting to argue the decision was clearly erroneous and would result in a manifest injustice. Defendants must show the decision was, in fact, clearly wrong. *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995). Defendants have not shown the decision was erroneous, clearly or otherwise.

*B. Defendants' Motion for Reconsideration is without merit.*

Defendants' motion is without merit. Plaintiff, in her Complaint, in her Opposition to the Motion to Dismiss, and at the hearing on the Motion, consistently argued Defendants had no authority to terminate her Project-Based Voucher (PBV) assistance. Thus, the argument raised in the Opposition to the Motion to Dismiss mirrors the allegations in the Complaint. Plaintiff consistently argued Defendants were without authority in terminating her PBV assistance and thereby ceasing payments to her landlord under the PBV program. Whether Plaintiff argues Defendants unlawfully terminated the PBV assistance or unlawfully ceased payments under the PBV program, Plaintiff continuously has argued Defendants were without authority in taking action against Plaintiff's PBV assistance. Plaintiff argued throughout her Opposition that judicial review was inappropriate because Defendants were without authority in terminating her PBV assistance, the exact allegation made in the Complaint. In her Opposition Plaintiff stated:

> Thus, Defendants had no authority and absolutely no grounds upon which to terminate Ms. Porter's tenancy or terminate the PBV assistance. As Ms. Porter's

3

landlord had not successfully terminated Ms. Porter's assistance prior to the issuance of her notice to vacate, Defendants are without authority to initiate their own action to terminate Ms. Porter's PBV assistance. Opposition at 5:5-9.

In her Complaint, Plaintiff alleged:

> Defendants discontinued making payments to landlord under the PBV program on behalf of Ms. Porter beginning October 1, 2007, while Ms. Porter was still a resident in the unit. Complaint, ¶ 85.

> Defendants were without authority to terminate Ms. Porter's PBV assistance. Complaint, ¶ 86.

> Defendants were wholly without authority to cease making payments to landlord. Complaint, ¶ 87.

Plaintiff argued in her Opposition her claims should not be dismissed as judicial review was unavailable for a decision Defendants never had the authority to make in the first place, as alleged in her Complaint. Plaintiff has argued throughout the pleadings the decision of Defendants to stop making payments under the PBV program was unlawful and without authority. Plaintiff argued Defendants never had the authority to so terminate the PBV assistance, and, thus, judicial review under Nevada law was not warranted. Again, Plaintiff's Opposition stated:

> As Defendant's had no authority to terminate the PBV assistance, they could not "terminate" Ms. Porter's assistance as indicated in NRS 315.007. Opposition at 5:22-23.

Clearly in her Complaint and her Opposition to Defendants' Motion to Dismiss, Plaintiff maintains the same allegations and legal argument. The hearing on Defendants' Motion to Dismiss extensively addressed this issue. Plaintiff maintained throughout the hearing Defendants were wholly without authority to terminate the PBV assistance. Again, Defendants could not have decided to "terminate" the PBV assistance and judicial review was unavailable to Plaintiff. Because dismissal of Plaintiff's Complaint was not appropriate this Court's June, 2009, decision is not erroneous and a manifest injustice has not occurred. Thus, the Court should properly deny Defendants' Motion for Reconsideration.

III. CONCLUSION

For the foregoing reasons, Ms. Porter respectfully prays that this Court deny Defendants' Motion for Reconsideration.

Dated this 17th day of July, 2009.

        Respectfully submitted:
        NEVADA LEGAL SERVICES, INC.

        /s/ Rhea Gertken
        RHEA GERTKEN, ESQ.
        Nevada Bar No. 9946
        530 South Sixth Street
        Las Vegas, Nevada 89101
        (702) 386-0404/fax (702) 388-1641
        email rgertken@nlslaw.net
        Attorney for Plaintiff

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that, on this 17th day of July, 2009, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION was served upon the following persons by depositing a copy of the same in a sealed envelope in the United States mail, postage prepaid, and addressed as follows:

Matthew T. Cecil, Esq.
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV 89145

Dated this 17th day of July, 2009.

        Respectfully submitted:
        NEVADA LEGAL SERVICES, INC.

        /s/ Rhea Gertken
        RHEA GERTKEN, ESQ.
        Nevada Bar No. 9946
        530 South Sixth Street
        Las Vegas, Nevada 89101
        (702) 386-0404/fax (702) 388-1641
        email rgertken@nlslaw.net
        Attorney for Plaintiff